

ORDERED UNSEALED on 04/13/2023    s/ JulieOlser

~~SEALED~~

s/ J. Olsen

FILED

Feb 03 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ andreas        DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2021 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NINE2FIVE, LLC (1),<br>SEBASTIAN GUTHERY (2),<br><br>Defendants. | Case No. ___'23 CR0179 GPC___<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371 – Conspiracy; Title 18, U.S.C., Sec. 545 – Illegal Importation of Merchandise/Sale of Merchandise Imported Contrary to Law; Title 18, U.S.C., Sec. 1957 – Money Laundering; Title 18, U.S.C., Sec. 2 – Aiding and Abetting; Title 18, U.S.C., Secs. 545 and 982(a)(2)(B) and 982(a)(1) – Criminal Forfeiture |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

1.    At all times relevant herein, *Mitragyna speciosa*, commonly known as kratom, was a plant, indigenous to Southeast Asia, whose leaves, when ingested, have both narcotic and stimulant-like effects. According to the U.S. Food and Drug Administration (FDA), the use of kratom is associated with serious health risks, including but not limited to seizures, liver damage, addiction, and death.  Side effects may also include respiratory depression, nervousness, agitation, aggression, sleeplessness, hallucinations, delusion, tremors, loss of libido,

MKP:nlv:San Diego:2/2/23

constipation, nausea, vomiting, and severe withdrawal signs and symptoms.

2.    On February 28, 2014, the FDA issued Import Alert 54-15, which directed inspectors to detain products that appeared to contain kratom as well as named product from specified firms without inspection, and to deny them entry into the United States. The Import Alert stated that the FDA had determined kratom to be a new dietary ingredient under section 413(d) of the Act, and deemed products intended for human consumption containing kratom to be adulterated food under Section 402(f)(1)(B) of the Act because there was inadequate information to provide reasonable assurance that the new dietary ingredient kratom did not present a significant or unreasonable risk of illness or injury. At all time relevant herein, the FDA Import Alert 54-15 was in effect.

3.    At all times relevant herein, defendant SEBASTIAN GUTHERY was the owner and operator of defendant NINE2FIVE, LLC, a company located in Carlsbad, California. The defendants engaged in the illegal importation and sale of kratom for human consumption, falsely declaring the kratom, upon importation, to be, among other things, green tea, fertilizer, and a product used in dyeing fabric.

<u>Count 1</u>

<u>18 U.S.C. § 371 - Conspiracy</u>

4.    The Introductory Allegations in paragraphs 1 and 3 are incorporated herein as if set forth in full.

5.    Beginning on a date unknown to the grand jury but at least as early as 2015, and continuing up to a date unknown but at least as late as June 18, 2020, within the Southern District of California and elsewhere, defendants NINE2FIVE, LLC and SEBASTIAN GUTHERY did knowingly

and willfully combine, conspire, and agree together and with others known and unknown to the Grand Jury, to:

    a.  Fraudulently and knowingly, import and bring into the United States, merchandise, to wit: kratom, contrary to law, that is, Section 542 of Title 18 and Section 331 of Title 21 of the United States Code, all in violation of Title 18, United States Code, Section 545; and

    b.  sell merchandise after importation contrary to law, knowing the merchandise to have been imported or brought into the United States contrary to law, that is, Section 542 of Title 18, all in violation of Title 18, United States Code, Section 545; and

    c.  knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000 that is derived from specified unlawful activity, that is, a violation of Title 18 United States Code, Section 545, all in violation of Title 18, United States Code, Section 1957.

6.  As a method and means of the conspiracy, defendants NINE2FIVE, LLC and SEBASTIAN GUTHERY purchased kratom in Indonesia and imported it into the United States, falsely declaring it to be, among other things, green tea, fertilizer and a product used in dyeing fabric.

7.  As a further method and means of the conspiracy, defendants imported the kratom using the names of multiple shell company consignees, and through multiple ports of entry, to avoid detection by government inspectors.

8.  As a further method and means of the conspiracy, the defendants sold the kratom via the internet and shipped it to customers within the

United States, receiving and transferring payments through approximately 50 bank accounts.

9.      As a further method and means of the conspiracy, the defendants caused proceeds from the sale of the kratom, in increments of over $10,000, totaling approximately $17 million, to be wired from financial institutions in the United States to banks in Indonesia as payment for the kratom.

10.     In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, occurred within the Southern District of California, and elsewhere:

a.   On or about January 18, 2017, in Carlsbad, California, defendant SEBASTIAN GUTHERY replied "Haha, Good copy!" when receiving a Skype message from an agent in Indonesia, advising that he was preparing a shipment of kratom to be declared as "1000 kg of FloraFood Organic Fertilizer."

b.   On or about November 14, 2017, in Carlsbad, California, defendants caused the wire transfer of $60,000 to the account of a kratom supplier in Indonesia

c.   On or about December 6, 2017, in Carlsbad, California, defendants caused the wire transfer of $70,000 to the account of a kratom supplier in Indonesia.

d.   On or about February 23, 2018, in Carlsbad, California, defendants caused the importation of 2,000 kg of kratom to a consignee named Middleton Central, LLC, falsely declared to be FloraFood Botanical soil conditioner (fertilizer).

e.   On or about February 26, 2018, in Carlsbad, California, defendants caused the importation of 3,000 kg of kratom to a

consignee named Sinclair Central, LLC, falsely declared to be FloraFood Botanical soil conditioner (*Eucheuma spinosum*).

f.  On or about March 8, 2018, in Carlsbad, California, defendants caused the importation of 9,820 kg of kratom to a consignee named Sinclair Central, LLC, falsely declared to be FloraFood Botanical soil conditioner (*Eucheuma spinosum*).

g.  On or about March 23, 2018, in Carlsbad, California, defendants caused the wire transfer of $30,000 to the account of a kratom supplier in Indonesia.

h.  On or about March 29, 2018, in Carlsbad, California, defendants caused the importation of 3,000 kg of kratom to a consignee named Middleton Central, LLC, falsely declared to be FloraFood Botanical soil conditioner (100% Green kelp, *E. spinosum*).

i.  On or about March 29, 2018, in Carlsbad, California, defendants caused the importation of 3,000 kg of kratom to a consignee named Middleton Central, LLC, falsely declared to be FloraFood Botanical soil conditioner (*Eucheuma spinosum*).

j.  On or about April 7, 2018, in Carlsbad, California, defendants caused the importation of 10,000 kg of kratom to a consignee named Middleton Central, LLC, falsely declared to be FloraFood Botanical soil conditioner (*Eucheuma spinosum*).

k.  On or about May 8, 2018, in Carlsbad, California, defendants caused the wire transfer of $63,000 to the account of a supplier of kratom in Indonesia.

l.  On or about May 14, 2018, in Carlsbad, California, defendants caused the wire transfer of $60,000 to the account of a supplier of kratom in Indonesia.

5

m. On or about May 15, 2018, in Carlsbad, California, defendants caused the wire transfer of $60,000 to the account of a supplier of kratom in Indonesia.

n. On or about May 16, 2018, in Carlsbad, California, defendants caused the importation of 9,600 kg of kratom to a consignee named Middleton Central, LLC, falsely declared to be FloraFood Botanical soil conditioner (*Eucheuma spinosum*).

o. On or about October 31, 2019, in Santee, California, defendants caused the commercial shipment of kratom to a customer in the United States who purchased the product via the internet.

p. On or about November 26, 2019, in Santee, California, defendants caused the commercial shipment of kratom to a customer in the United States who purchased the product via the internet.

q. On or about April 2, 2020, in Carlsbad, California, defendants caused the commercial shipment of kratom to a customer in the United States who purchased the product via the internet.

r. On or about April 17, 2020, in Carlsbad, California, defendants caused the commercial shipment of kratom to a customer in the United States who purchased the product via the internet.

s. On or about June 18, 2020, in Carlsbad, California, defendants caused the commercial shipment of kratom to a customer in the United States who purchased the product via the internet.

All in violation of Title 18, United States Code, Section 371.

//

//

6

Counts 2-7

18 USC § 545 - Illegal Importation of Merchandise

11.   The Introductory Allegations in paragraphs 1 through 3 are incorporated herein as if set forth in full.

12.   On or about the dates set forth below, within the Southern District of California and elsewhere, defendants NINE2FIVE, LLC and SEBASTIAN GUTHERY did fraudulently and knowingly cause to be imported and brought into the United States, merchandise, to wit: kratom, contrary to law, that is: Section 542 of Title 18 of the United States Code, which prohibits the entry and introduction into the commerce of the United States of imported merchandise by means of materially false invoices and materially false statements;

| Count | Date |
|-------|------|
| 2 | February 23, 2018 |
| 3 | February 26, 2018 |
| 4 | March 8, 2018 |
| 5 | March 29, 2018 (2 shipments) |
| 6 | April 7, 2018 |
| 7 | May 16, 2018 |

All in violation of Title 18, United States Code, Sections 545 and 2.

Counts 8-11

18 U.S.C. §§ 545 & 2 - Sale of Merchandise Imported Contrary to Law

13.   The Introductory Allegations in paragraphs 1 through 3 are incorporated herein as if set forth in full.

14.    On or about the dates set forth below, within the Southern District of California, defendants NINE2FIVE, LLC and SEBASTIAN GUTHERY caused to be sold and facilitated the sale of merchandise after importation, to wit, kratom, knowing such merchandise to have been

7

imported contrary to law, to wit: Section 542 of Title 18 of the United States Code, which prohibits the entry and introduction into the commerce of the United States of imported merchandise by means of materially false invoices and materially false statements;

| Count | Date |
|-------|------|
| 8 | October 31, 2019 |
| 9 | April 2, 2020 |
| 10 | April 17, 2020 |
| 11 | May 4, 2020 |

All in violation of Title 18, United States Code, Sections 545 and 2.

### Counts 12-15

### 18 U.S.C. §§ 1957 & 2 – Money Laundering

15.   On or about the dates set forth below, within the Southern District of California, defendants NINE2FIVE, LLC and SEBASTIAN GUTHERY did knowingly engage in and caused another to be engaged in a monetary transaction in criminally derived property of a value greater than $10,000, as set forth below in Column C, which is derived from specified unlawful activity, that is, a violation of Title 18 United States Code, Section 545;

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| 12 | March 23, 2018 | wire transfer of $30,000 from a NINE2FIVE account at Wells Fargo Bank to Bank Negara Indonesia |
| 13 | May 8, 2018 | wire transfer of $63,000 from a NINE2FIVE account at Wells Fargo Bank to Bank Danamon Indonesia |

8

| COUNT | DATE | TRANSACTION |
|-------|------|-------------|
| 14 | May 14, 2018 | wire transfer of $60,000 from a NINE2FIVE account at Wells Fargo Bank to Bank Danamon Indonesia |
| 15 | May 15, 2018 | wire transfer of $60,000 from a NINE2FIVE account at Wells Fargo Bank to Bank Mandiri Indonesia |

All in violation of Title 18, United States Code, Sections 1957 and 2.

Criminal Forfeiture

16. Upon conviction of the charge alleged in Count 1 of the Indictment, defendants NINE2FIVE, LLC and SEBASTIAN GUTHERY shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 545, and 982(a)(2)(B), all property, real or personal, which constitutes and is derived from proceeds obtained, directly and indirectly, as the result the violations of Section 545 of Title 18 of the United States Code, and, pursuant to Section 982(a)(1), all property, real or personal, involved in the offense of money laundering, or traceable to such property. The property to be forfeited includes, but is not limited to the sum of $17 million.

17. Upon conviction of one and more of the charges alleged in Counts 2 through 11 of the Indictment, defendants NINE2FIVE, LLC and SEBASTIAN GUTHERY shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 545 and 982(a)(2)(B), all property, real or personal, which constitutes and is derived from proceeds obtained, directly or indirectly, as the result of the violations of Section 545 of Title 18 of the United States Code. The property to be forfeited includes, but is not limited to, the sums set forth below:

//

9

| Count | Sum to be Forfeited |
|-------|---------------------|
| 2 | $12,860 |
| 3 | $19,290 |
| 4 | $63,142 |
| 5 | $39,580 |
| 6 | $64,300 |
| 7 | $61,728 |
| 8 | $135 |
| 9 | $135 |
| 10 | $135 |
| 11 | $129 |

18. Upon conviction of the one or more of the charges alleged in Counts 12 through 15 of the Indictment, defendants NINE2FIVE, LLC and SEBASTIAN GUTHERY shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in the offense of money, or traceable to such property. The property to be forfeited includes, but is not limited to the sums set forth below:

| Count | Sum to be Forfeited |
|-------|---------------------|
| 12 | $30,000 |
| 13 | $63,000 |
| 14 | $60,000 |
| 15 | $60,000 |

//
//
//
//
//

10

19. If any of the above-described forfeitable property, as a results of any act or omission of defendants NINE2FIVE, LLC or SEBASTIAN GUTHERY:

      a.    Cannot be located upon the exercise of due diligence;

      b.    Has been transferred or sold to, or deposited with, a third party;

      c.    Has been placed beyond the jurisdiction of the Court;

      d.    Has been substantially diminished in value; or

      e.    Has been comingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c) to seek forfeiture of any other property of the defendants up to the amounts alleged above as being subject to forfeiture.

All in violation of pursuant to Title 18, United States Code, Sections 545, 982(a)(2)(B), and 982(a)(1), and Title 28 United States Code, section 2461(c).

DATED: February 3, 2023.

RANDY S. GROSSMAN
United States Attorney

By: _____
MELANIE K. PIERSON
Assistant U.S. Attorney

11