# EXHIBIT A

## Turpin, Melissa

**From:** Young, Andrew
**Sent:** Wednesday, June 28, 2023 12:17 PM
**To:** Turpin, Melissa
**Subject:** FW: U.S. v Sebastian Guthery and Nine2Five

---

**From:** Pierson, Melanie (USACAS) <Melanie.Pierson@usdoj.gov>
**Sent:** Monday, June 26, 2023 12:49 PM
**To:** Young, Andrew <Andrew.Young@btlaw.com>; Orabona, Joseph (USACAS) <Joseph.Orabona@usdoj.gov>
**Cc:** La Bella, Chuck <CLaBella@btlaw.com>; Oliver, Jordan <Jordan.Oliver@btlaw.com>
**Subject:** [EXTERNAL] RE: U.S. v Sebastian Guthery and Nine2Five

**Caution: This email originated from outside the Firm.**

---

Counsel,

The United States does not intend to prosecute this case on the basis that the importations were in violation of Title 21, United States Code, Section 331. As to the other matters set forth below, they are more appropriately the subject of a motion, to which the United States will respond.

Respectfully,
AUSA Melanie Pierson

---

**From:** Young, Andrew <Andrew.Young@btlaw.com>
**Sent:** Monday, June 26, 2023 11:15 AM
**To:** Pierson, Melanie (USACAS) <MPierson@usa.doj.gov>; Orabona, Joseph (USACAS) <jorabona@usa.doj.gov>
**Cc:** La Bella, Chuck <CLaBella@btlaw.com>; Oliver, Jordan <Jordan.Oliver@btlaw.com>
**Subject:** [EXTERNAL] U.S. v Sebastian Guthery and Nine2Five

Melanie and Joe,

I have reviewed the discovery that was produced on Friday. In response, we make the following requests:

(1) In connection with a shipment that was seized in Norfolk on April 25, 2018, CBP Officer Kenneth Davis wrote a memo that says "Additionally, Norfolk ATU received an unsolicited call in reference to this shipment made by Michael Jay Linford who was encountered at Blaine POE in 2016 (#2016SZ011897501) in possession of 4278 kg of Kratom manifested as Patchouli that was subsequently seized." *See* GUTHERY-CBP-000058. We are requesting the identity of the "unsolicited caller." This information is *Brady* (and *Jenks* material) if the caller is a government witness, or if the caller has a connection to a government witness.

(2) Based on the new discovery, it is clear that FDA and CBP are actively participating in this prosecution and are now members of the prosecution team. *See* GUTHERY-FDA-000016 (email from Roberto De La Torre Roche to FDA Special Agent Joshua So) and GUTHERY-CBP-000003-73. We are requesting any and all *Brady* material possessed or under the control of either agency.
   - In addition to any *Brady* the FDA may possess, we are specifically requesting, but not limited to, any information, scientific literature, studies that do not support or contradict or call into question the FDA's claims that Kratom has negative health effects if consumed. We are also requesting any documentation

that reflects any interactions between the FDA and the defendants, including inspections or examinations of defendants' products for any reason.

- In addition to any *Brady* CBP may possess, we are specifically requesting, any evidence that shows CBP permitted the entry of Kratom when it is identified as k Kratom ratom or mitragyna speciosa regardless of the importer after the issuance of Import Alert 54-15.

(3) Late last week, the government filed untimely expert notices, specifically Roberto De La Torre Roche, Emma Bradic, and Jaima Anderson. While we reserve the right to challenge those experts due to untimely disclosure, we are requesting transcripts of any prior testimony they provided in the capacity as an expert, in either a grand jury, criminal or civil proceeding.

(4) The discovery clearly demonstrates that the government has only recently – in the past few weeks and days – received scientific evidence that the merchandise imported or sold in Counts 2-11 was, in fact, Kratom. To wit, Roberto De La Torre Roche's report states that he received the samples on February 7, 2023 and did not provide his report to the prosecution until May 24, 2023 (at the earliest). Similarly, it is clear from the discovery that the prosecution did not possess the results of either experts Emma Bradic's or Jaima Anderson's reports until late last week. Yet, this case was indicted on February 3, 2023 months before the prosecution possessed the requisite scientific knowledge to bring this case. This raises many questions regarding how the Grand Jury could have found probable cause to support Counts Two through Eleven. Please provide any testimony and exhibits that reflects this proof as soon as possible given that this evidence is an essential element of the offense and it appears it was not presented to the Grand Jury.

(5) As you know, Count I charges Defendants with Conspiracy to violate 18 USC 545 contrary to law. Among the several statutes that the government alleges violated when the merchandise was imported is 21 U.S.C. 331. There are 59 subsections of 21 U.S.C. 331, however. In lieu of a bill of particulars, please promptly identify which subsections the government is alleging were violated here.

(6) Please provide the most recent addresses for the grand jury witnesses. In the alternative, please confirm that the government has subpoenaed those witnesses and agrees to not release any of those witnesses or any witnesses it has subpoenaed from the subpoenas without obtaining the consent of the defendants before release.

Regards,
Andrew

**Andrew Young** | Partner
Barnes & Thornburg LLP
655 West Broadway, Suite 1300, San Diego, CA 92101
Direct: (619) 321-5007 | Mobile: (312) 731-2354

BARNES & THORNBURG LLP

Atlanta | Boston | California | Chicago | Delaware | Indiana | Michigan | Minneapolis | Nashville | New Jersey
New York | Ohio | Philadelphia | Raleigh | Salt Lake City | South Florida | Texas | Washington, D.C.

Visit our Subscription Center to sign up for legal insights and events.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received

this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.