


RANDY S. GROSSMAN
United States Attorney
MELANIE K. PIERSON
Assistant United States Attorney
California Bar No. 112520
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7976
Email: Melanie.Pierson@usdoj.gov

Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. NINE2FIVE, LLC. Defendant. | Case No. 23-CR-179-TWR<br>PLEA AGREEMENT |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, United States Attorney, and Melanie K. Pierson, Assistant United States Attorney, and Defendant SEBASTIAN GUTHERY, with the advice and consent of Andrew Young and Charles LaBella, counsel for Defendant, as follows:

**I**

**THE PLEA**

Defendant agrees to plead guilty to Count 15 of the Indictment charging Defendant with:

*Knowingly engaging and causing another to be engaged in a monetary transaction in criminally derived property of a value greater than $10,000, to wit: $60,000 from a NINE2FIVE,LLC account at Wells Fargo Bank to Bank Mandiri, Indonesia, which is derived from specified unlawful activity, that is, a violation of Title 18, United States Code, Section 545, on or about May 15, 2018, within the Southern District of California, in violation of 18 U.S.C. §1957 and 2*

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges, and (3) agrees not to prosecute Defendant on any criminal tax charges for the tax years 2014-2018, unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below.

**II**

**NATURE OF THE OFFENSE**

A. ELEMENTS EXPLAINED

The offense to which Defendant is pleading guilty has the following elements:

1. The defendant's employee or agents, acting within the scope of employment for the benefit of the organization, knowingly engaged or attempted to engage in a monetary transaction;
2. The defendant's employee or agents knew the transaction involved criminally derived property;
3. The property had a value greater than $10,000;
4. The property was, in fact, derived from a violation of Section 545 of Title 18 of the United States Code; and,
5. The transaction occurred in the United States.

//

//

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. At all times relevant herein, defendant Nine2Five, LLC, was a limited liability company, located in Carlsbad, California, which employed at least 10 employees, and was engaged in the business importing and selling kratom *(Mitragyna speciosa)*.

2. On or about May 15, 2018, in Carlsbad, California, an employee or agent of the defendant NINE2FIVE, LLC, acting within the scope of employment for the benefit of the defendant, caused a wire transfer of $60,000 to occur from an account of NINE2FIVE,LLC at Wells Fargo Bank in San Diego, California, to Bank Mangiri in Indonesia for the cost of the purchase, transportation and importation of kratom from Indonesia to the United States.

3. At all times relevant herein, the defendant's employees and agents, knowingly and fraudulently, acting within the scope of employment for the benefit of the company, imported the kratom by means of materially false and fraudulent invoices which declared it to be Flora Food Botanical Soil Conditioner (*Eucheuma spinosum*)/fertilizer, without reasonable cause to believe the truth of such invoices, declarations, and statements.

4. The parties agree that the $60,000 transferred on May 15, 2018 consisted of criminally derived proceeds from a violation of Title 18, United States Code, Sections 542 and 545.

## III

## PENALTIES

The crime to which the Defendant organization is pleading guilty carries the following penalties:

A. a maximum 5 years of probation;

B. a maximum $500,000 fine; and

C. a mandatory special assessment of $400 per count.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A. Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B. A speedy and public trial by jury;

C. The assistance of counsel at all stages;

D. Confront and cross-examine adverse witnesses;

E. Testify and present evidence and to have witnesses testify on behalf of Defendant.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

## DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

E. The disposition contemplated by this agreement is part of a "package" disposition with codefendant SEBASTIAN GUTHERY. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

**VII**

**AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF CALIFORNIA**

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

**VIII**

**APPLICABILITY OF SENTENCING GUIDELINES**

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

**IX**

**SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by

statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A. SENTENCING GUIDELINE CALCULATIONS

Pursuant to USSG §8C2.2, the calculation of a fine range under the Guidelines is unnecessary because the parties agree that it is readily ascertainable that organization has no ability to pay.

B. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

C. SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

1. Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $400.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine

The parties will not recommend imposition of a fine due to Defendant's limited financial prospects and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected, and the need for the defendant's limited financial resources to be applied to his tax liability.

H. PROBATION

The Government will recommend a term of three years of probation, with the standard conditions and the following special condition: (1) the company shall not import or sell kratom, or any merchandise containing kratom (*Mitragyna speciosa*), whether under its name, the name of co-defendant Sebastian Guthery, or any other nominees, within the United States.

**XI**

**DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) Defendant may appeal a custodial sentence above the high end of the guideline range recommended by the Government at sentencing (if USSG § 5G1.1(b) applies, the high end of the range will be the statutorily required mandatory minimum sentence), and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If

Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

**XII**

**BREACH OF THE PLEA AGREEMENT**

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1. Failing to plead guilty pursuant to this agreement;
2. Failing to fully accept responsibility as established in Section X, paragraph B, above;
3. Failing to appear in court;
4. Attempting to withdraw the plea;
5. Failing to abide by any court order related to this case;
6. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or
7. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of

all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

**XIV**

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

Def. Initials SG

**XV**

**DEFENDANT SATISFIED WITH COUNSEL**

The members of the Defendant Limited Liability Company have consulted with counsel and are satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard. Defendant waives, to the full extent of the law, any potential conflict that could arise from the representation by his counsel of both the company and it co-defendant Sebastian Guthery.

RANDY S. GROSSMAN
United States Attorney

July 6, 2023
DATED

Melanie K Pierson
MELANIE K. PIERSON
Assistant U.S. Attorney

7/6/23
DATED

ANDREW YOUNG
CHARLES LA BELLA
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

7/6/23
DATED

SEBASTIAN GUTHERY
For Defendant NINE2FIVE, LLC